E. G. Foss *v.* A. W. Waite.

February Term, 1929.

Present: Watson, C. J., Powers, Slack, Moulton, and Willcox, JJ.

Opinion filed October 12, 1929.

*Theriault & Hunt* for the plaintiff.

*F. G. Fleetwood* and *W. E. Tracy* for the defendant.

WATSON, C. J.   The plaintiff seeks to recover the amount of a postdated $1,500 check (Plff's. Exhibit 1), given by defendant to one W. H. Isham, and held by plaintiff in due course. Defendant's claim was to offset the amount of a $1,075 check (Deft's. Exhibit A.), given by the plaintiff to said Isham and claimed by defendant to have been negotiated to him by Isham as payment on the $1,500 check, while the latter check was in the hands of one Albert H. Slayton, a creditor of plaintiff, to whom the latter had negotiated it for application, upon its payment, on his debt to said Slayton.   Plaintiff claimed that the $1,075 check was not delivered to defendant as such payment, but rather as an exchange for other checks and money delivered by defendant to Isham, and that before defendant delivered the $1,075 check to Slayton for application as payment on the $1,500 check, as hereinafter stated, defendant had received back all the value he had delivered to Isham in such exchange.   It appears from the transcript that the evidence of the parties respectively tended to support their respective claims as stated above.

It appeared that if the check for $1,075, when delivered by defendant to Slayton, was proper payment on the $1,500 check, the amount due plaintiff on that check was $27.25; but if not such proper payment, the amount due the plaintiff in this action, was, principle and interest, $1,684.09. The court instructed the jury accordingly; that the plaintiff was entitled to a verdict for one or the other of those sums—for the smaller, if they allowed defendant's claim in offset, for the larger, if they disallowed such claim in offset.

Albert H. Slayton, being called as a witness by defendant, testified that the check for $1,075 came into his possession prior to the 23rd of January, 1920; that prior to that date the witness put on top of that check the figures "23." In answer to the question how he happened to put those figures there, said: "Because somebody told me the check was going to be made good the 23rd"—that defendant brought it in to him; that he had seen both the plaintiff and defendant in regard to the two checks—the one for $1,500 and the one for $1,075. In answer to the question, whether plaintiff Foss told him that that check would be made good the 23rd, he said "I can't answer that." He then said in effect that he had no recollection as to whether Foss or defendant told him. Defendant being then permitted to take the witness stand in his own behalf, testified that he did not tell witness Slayton that the $1,075 check would be made good the 23rd of January, 1920.

Slayton, then resuming as a witness, was asked whether he had any recollection about whether anyone except the plaintiff or the defendant told him the check would be made good January 23, answered "yes." He was then asked, "What is your recollection?" Objection being made to this question by plaintiff's attorney, the court ruled: "Ask him if he has a recollection about it." Plaintiff's attorney said: "I object,—he has already said he has no recollection." The court ruled that defendant might ask the question, and the plaintiff might have an exception on the grounds already stated. The witness then answered: "I don't know your term of 'recollection' but either Mr. Foss or Mr. Waite told me to put the '23' on—that that check was going to be good the 23rd—that is not a recollection—that is knowledge." This answer was stricken out as not responsive. The question was then asked the witness: "Who

told you that that check would be made good January 23. A. Either Mr. Foss or Mr. Waite.''

Plaintiff's attorney asked that the answer be stricken out, as not responsive. The answer was ruled to be responsive, and exception allowed plaintiff. It appears from the transcript that during the direct examination of defendant's witness, A. H. Slayton, a persistent effort was made to get from the witness a statement that either the plaintiff or the defendant told him that the $1,075 check would be made good on January 23; that this was attempted no less than four times, and the witness gave as many answers or parts of answers to that effect; that to the reception of this testimony plaintiff's attorney was persistently making objection on the ground that such evidence was wholly immaterial, unless the plaintiff be identified as the person making the statement; that the court was ruling for the plaintiff all the time, and several times struck from the record the witness' answer that it was either the plaintiff or defendant who told him when the check would be made good. This had been done so many times that both counsel and the witness must have understood that the particular person who made the statement to the witness was desired, and the evidence was of no consequence in the case unless that person was the plaintiff. To say otherwise would be to reflect upon the good faith of the examiner and the intelligence of the witness. In these circumstances, the real meaning of the question, ''Who told you that that check would be made good January 23,'' was ''What particular person told you that check would be made good January 23?'' Notwithstanding the witness must have so understood it, he answered, ''Either Mr. Foss or Mr. Waite.'' And since the witness must have understood the question to mean as we state above, his oath lay upon him the obligation to answer it accordingly if the answer be within his knowledge, and not otherwise. When the court was asked to strike the answer out the ruling was that the answer was responsive, and to this plaintiff excepted. Inasmuch as the witness had previously testified to the effect that he did not know which of the parties made the statement to him, counsel for plaintiff were justified in assuming that his answer to the question above quoted would be to the same effect. Hence the objection which was made after the

answer was given, is treated as seasonable. In the circumstances shown by the record, the answer was not responsive, and the ruling was erroneous.

This renders it unnecessary to consider further questions in the case.

*Judgment reversed, and cause remanded.*